[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
RE: PLAINTIFF'S MOTION FOR CONTEMPT CODED #165
The plaintiff has filed this motion for contempt alleging that the defendant has failed to comply with the following orders: (1) the defendant has failed to pay retroactive lump sum alimony; (2) the defendant has failed to pay periodic weekly alimony; and (3) the defendant has failed to pay attorney's fees.
The court finds that the defendant has failed to make any payments, either partial or otherwise, regarding the court orders entered on March 11, 2002. The defendant raises the defense of inability to comply with the court orders. The court finds that the defendant has failed to meet this burden of proof. This is not a case of a defendant who is unable to comply with court orders, but rather is a case of a defendant who refuses to comply with court orders because he disagrees with the court orders. The court finds that as of the date of the hearing regarding this motion that the defendant had a net weekly income of $1500. The court finds that the defendant is willfully violating the court orders previously entered. The defendant has invaded a substantial portion of his 401k plan and profit sharing plan that had a total value of $44,500. He invaded that plan to pay other obligations while failing to pay one dime regarding the orders entered by this court.
The court finds that, as of April 18, 2002, the defendant owes the plaintiff ninety weeks of retroactive alimony at $200 per week, for a total of $18,000. The court further finds that he owes interest on that amount, as of June 11, 2002, in the amount of $213.30. The court further finds that the arrearage owed by the defendant to the plaintiff on the $200 weekly alimony order that was entered to begin March 11, 2002, is in the total amount of $2600, as of June 8, 2002.
The court enters the following orders:
1. The court orders the defendant to pay counsel for the plaintiff CT Page 12622 $1687.50 in attorney's fees within sixty days from the date this decision is filed.
2. This court ordered that the defendant not invade any other portion of his 401k plan or profit sharing plan. That order is hereby modified and vacated, and the defendant is now ordered within thirty days from today's date to invade the balance of his 401k plan and profit sharing plan, less 20 percent of such balance which can be retained for the payment of federal and/or state income tax, with such remaining balance to be paid over to the plaintiff to be applied towards the alimony arrearage and alimony pendente lite orders previously entered by this court.
3. The court further orders that in the event the defendant has not complied with paragraph two of this order by October 28, 2002, then the plaintiff has the right to place a judgment lien on the property, located at 67 Coe Road, Wolcott, Connecticut, for the lump sum retroactive alimony in the amount of $18,000, plus interest, as of June 11, 2002, in the amount of $213.30; plus the unpaid alimony pendente lite, as of June 8, 2002, in the amount of $2600; plus the court-ordered counsel fees in the amount of $42,525.
The court further orders that the order of attorney's fees is intended to be in the nature of alimony and therefore not dischargeable in bankruptcy.
Axelrod, J.T.R. CT Page 12623